### ADAM KRAFT *v.* PAUL SCHMIDT'S EX'R, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—419.]

**Homestead.**

Where the debts evidenced by the several mortgages were created after the improvements had been made and when the appellant was living on the premises, he is entitled to a homestead.

APPEAL FROM KENTON CHANCERY COURT.

November 24, 1880.

OPINION BY JUDGE PRYOR:

The appellant, as the case stood on the pleadings, was certainly entitled to a homestead. The debts as evidenced by the several mortgages of the appellees were created after the improvements had been made and when the appellant was living on the premises. The notes and mortgages being dated after the right to a homestead accrued by the party moving on the premises, it.was incumbent on the appellees to show a state of case by their pleadings that would authorize the chancellor, if established, to subject it to the payment of their debts. The execution of the mortgages subsequent to the occupation of the premises by the appellant was not an abandonment of their right to sell the homestead, in the event the indebtedness existed prior to that time; but in order to permit proof upon the state of case it was necessary that the appellees should have alleged the existence of the debt, or such of it as did not exist prior to the improvements made on the premises and its occupation by the appellant.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*R. D. Handy,* for appellant.

*Tisdale & Dengler, Simmons & Schmidt,* for appellees.